UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60154-CIV-COHN/SELTZER

IT'S A 10, INC.,

    Plaintiff,

v.

BEAUTY ELITE GROUP, INC., and
BASIM SHAMI,

    Defendants.
_____/

### ORDER GRANTING DEFENDANT BASIM SHAMI'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**THIS CAUSE** is before the Court upon Defendant Basim Shami's Motion and Memorandum to Dismiss for Lack of Personal Jurisdiction [DE 9]. The Court has considered the motion, Plaintiff's Response [DE 30], Shami's Reply [DE 43], the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On January 22, 2013, Plaintiff It's a 10, Inc., filed this action against Defendants Beauty Elite Group, Inc. ("BEG") and Basim Shami, bringing the following claims: (1) registered trademark infringement, in violation of 15 U.S.C. § 1114; (2) trade dress infringement, in violation of 15 U.S.C. § 1125(a); (3) federal trademark dilution, under 15 U.S.C. § 1125(c); (4) false designation of origin and false advertising, under 15 U.S.C. § 1125(a); (5) state common law trademark infringement; (6) state-law deceptive acts and unfair trade practices, pursuant to Florida Statutes § 501.201; (7) trademark counterfeiting, under 15 U.S.C. § 1114; and (8) state-law unjust enrichment. According

to the Complaint, Defendants have infringed on Plaintiff's trademarks by selling imitations of Plaintiff's product in containers that are labeled and designed in a way that mimics Plaintiff's marks and trade dress.

On February 1, 2013, Plaintiff filed a Motion for Preliminary Injunction [DE 6], seeking, among other things, to enjoin Defendants' use of the allegedly infringing trade dress, as well as the number '10' and the word 'miracle' on Defendants' label. After negotiations between the parties, Defendants agreed to change their label design and cease using the former label. See DE's 10-2, 10-4, 10-5, 10-6, 22. At the March 8, 2013, hearing on the preliminary injunction motion, Plaintiff stated that it sought an injunction of use of the old label, as well as Defendants' new label insofar as it contained the number '10.' On March 18, 2013, the Court issued an Order on Preliminary Injunction [DE 29], preliminarily enjoining use of the old label and design, but not the use of '10' on Defendants' new label. See DE 29 at 16-17. However, the injunction only applied to Defendant Beauty Elite Group, Inc. ("BEG"), because at the time, "there remain[ed] significant doubt as to jurisdiction regarding Mr. Shami . . . ." Id. at 5. In the instant motion, Shami — a resident of Texas — seeks to dismiss the claims against him for lack of personal jurisdiction. Specifically, Shami asserts that Plaintiff has only pleaded claims against BEG, and not against Shami individually. Plaintiff opposes the motion.

## II. LEGAL STANDARD

A federal court may exercise jurisdiction over a nonresident defendant if: (1) personal jurisdiction is established under the state long-arm statute, and (2) minimum contacts exist so that the exercise of personal jurisdiction over the

nonresident satisfies traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment.  Cable/Home Commc'n Corp. v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990).  This Court must apply the Florida long-arm statute as it anticipates the Florida Supreme Court would.  Id. at 856.  Further, the Court must strictly construe the long arm statute.  Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626-627 (11th Cir. 1996).

"A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a *prima facie* case of jurisdiction."  Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 (11th Cir. 1999).  However, if the defendant challenging jurisdiction files "affidavits in support of his position," then the burden shifts to the plaintiff to prove "by affidavit the basis upon which jurisdiction may be obtained."  Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989).  "The district court must accept the facts alleged in a complaint as true, to the extent that they are uncontroverted by a defendant's affidavits," and "where a plaintiff's complaint and a defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff."  Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

Here, Plaintiff alleges that personal jurisdiction exists over Shami under Florida's long-arm statute, which provides in relevant part:

> Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a)   Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this

>   state.
>
> (b)   Committing a tortious act within this state.
>
> . . . .
>
> (f)   Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of injury . . . :
>
>   1.   The defendant was engaged in solicitation or service activities within this state.

Fla. Stats. § 48.193(1).  For purposes of Florida Statutes § 48.193(1)(a), "'the activities of the [defendant] sought to be served . . . must be considered collectively and show a general course of business activity in the State for pecuniary benefit.'"  Sculptchair, 94 F.3d at 627 (quoting Dinsmore v. Martin Blumenthal Associates, Inc., 314 So. 2d 561, 564 (Fla. 1975)).  Relevant factors include "the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of clients served, and the percentage of overall revenue gleaned from Florida clients."  Horizon Aggressive Growth L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1167 (11th Cir. 2005) (internal citations omitted).

Under Florida Statutes § 48.193(1)(b), the defendant must have committed a tort causing injury in Florida, but need not be physically present in the state.  Horizon, 421 F.3d at 1168.  Thus, a defendant can commit the tortious act based on telephonic, electronic, or written communications into Florida so long as the cause of action arises from those communications.  Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002); Internet Solutions Corp. v. Marshall, 557 F.3d 1293, 1296 (11th Cir. 2009).  However, a nonresident corporate officer "who works only outside of Florida, commits no acts in

4

Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee [of a corporation that committed a tort in Florida]." Kitroser v. Hurt, 85 So. 3d 1084, 1089 (Fla. 2012).

### III. ANALYSIS

Here, the Complaint generally alleges that "Defendants" committed tortious acts, but does not specifically allege any wrongful actions taken by Shami individually. See, e.g., DE 1 ¶ 5 (alleging that personal jurisdiction is proper over "Defendants"). These allegations, taken as true, are not sufficient to establish that Shami personally committed any tortious activity. See Z Productions v. SNR Productions, Inc., No. 8:10-CV-966-T-23MAP, 2010 WL 5057375, at *3 (M.D. Fla. Oct. 28 2010) (finding that the allegations against "Defendants" were insufficient to show that individual defendant had committed tortious activity). Plaintiff's only allegation with regard to Shami individually is that "[he] is directly or indirectly controlling the infringing activities of Defendant Beauty Elite Group, Inc., and upon information and belief, acted as the alter ego of Defendant Beauty Elite Group." DE 1 ¶ 3. In the instant motion, Shami denies that he had any personal role in the allegedly fringing activities. In support of the motion, Shami submits an affidavit in which he states that he does not conduct business in Florida, and that "[he has] engaged in zero transactions, consisting of zero items, totaling $0, comprising 0% of [his] income, in Florida." DE 9-1 at 2. Additionally, the affidavit avers that Shami did not "personally produce, market, distribute, sell, or offer to sell the allegedly infringing products." Id. It further states that "[he] did not personally design the infringing label," but rather that the label was designed by a third-party

vendor hired by BEG.  Id.  Thus, Shami's affidavit provides evidence that (i) he was not conducting business in Florida, (ii) he did not personally commit a tort in Florida, and (iii) he did not engage in solicitation or service activities in Florida.  Accordingly, the burden shifts to Plaintiff to prove, by affidavit or otherwise, the basis of the Court's personal jurisdiction over Shami.  Plaintiff fails to do so.

In Plaintiff's response to the instant motion, Plaintiff argues that personal jurisdiction is proper over Shami because he is a corporate officer who directed, controlled, ratified, and/or participated in the infringing activity.  DE 30 at 4 (citing Babbit Elecs. v. Dynascan Corp., 38 F.3d 1161, 1184 (11th Cir. 1994)).  Plaintiff asserts that Shami is "President, the face behind the Defendant company, and the person who controls the day to day operation of the company," and therefore that "it would not be credible to assert that the did not have knowledge or play a role in the setting the intentional infringement in motion, at least in ratifying and condoning a product so identically copied that it rises to the level of counterfeit."  Id. at 7.  Plaintiff attaches two affidavits to its response, neither of which adequately support Plaintiff's jurisdictional allegations.  First, Plaintiff relies on an affidavit from its process server, Robert Horton, which states as follows:

> [T]he office receptionist [at BEG] informed me that Mr. Shami is the only manager and officer that can accept service of process on behalf of the company Beauty Elite Group, Inc.  I asked several times if there was anyone else in charge that I could speak to and the receptionist would only state that Mr. Shami was not in and that he was the only person in charge.

DE 30-1 at 1.  However, merely because Shami "was the only person in charge," for purposes of serving process, it does not follow that he also directed or participated in

6

the alleged infringement. Thus, because Horton's affidavit does not speak to Shami's personal role in the infringing activities, it is insufficient to meet Plaintiff's burden of establishing the Court's personal jurisdiction over Shami.

Second, Plaintiff submits the affidavit of Jennifer O'Dell [DE 30-2], a manager at a beauty supply store in Denton, Texas. O'Dell states that she purchased two bottles of BEG's product bearing the old label on February 27, 2013, from a Kroger's grocery store in Denton. DE 30-2 at 1. Plaintiff points out that Shami's affidavit, dated March 4, 2013, states that the old packaging "is no longer in use," and that "[t]he use ceased promptly after the plaintiff sent its demand letter." DE 9-1 at 3. Therefore, Plaintiff argues, O'Dell's declaration contradicts Shami's affidavit on the issue of when BEG destroyed its old packaging, and thereby shows that Shami's affidavit is unreliable. The Court disagrees. First, the Court observes that O'Dell's declaration does not relate to Shami's participation in BEG's alleged infringing activities. Moreover, there is nothing in O'Dell's declaration that contradicts Shami's affidavit. Indeed, Plaintiff's counsel previously presented O'Dell's declaration to the Court at the March 8, 2013 hearing. Defense counsel responded that BEG sells products through distributors, rather than directly to retail outlets such as Kroger's. Therefore, while BEG had destroyed bottles containing the former label, there may still be some residual product remaining in stores. Without any further evidence on this point, the Court sees nothing in O'Dell's declaration that undermines the reliability of Shami's affidavit. Therefore, because Plaintiff has failed to provide any evidence of the Court's personal jurisdiction over Shami, the motion will be granted.

## IV. CONCLUSION

Thus, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant Basim Shami's Motion and Memorandum to Dismiss for Lack of Personal Jurisdiction [DE 9] is **GRANTED**. All claims against Defendant Basim Shami are hereby **DISMISSED**. This case shall proceed against Defendant Beauty Elite Group, Inc., only. It is further

**ORDERED AND ADJUDGED** that Defendant Basim Shami's Motion and Memorandum to Strike Evidence Attached to the Plaintiff's Opposition to His Motion to Dismiss for Lack of Personal Jurisdiction [DE 36] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of April, 2013.

_/s/ James I. Cohn_
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.