UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60154-CIV-COHN/SELTZER

IT'S A 10, INC.,

    Plaintiff,

v.

BEAUTY ELITE GROUP, INC.,

    Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

**THIS CAUSE** is before the Court upon Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaim [DE 33]. The Court has considered the motion, Defendant's response [DE 45], Plaintiff's reply [DE 46], the record in this case, and is otherwise fully advised in the premises.

**I. BACKGROUND**

On January 22, 2013, Plaintiff It's a 10, Inc., filed this action against Defendants Beauty Elite Group, Inc. ("BEG") and Basim Shami, bringing the following claims: (1) registered trademark infringement, in violation of 15 U.S.C. § 1114; (2) trade dress infringement, in violation of 15 U.S.C. § 1125(a); (3) federal trademark dilution, under 15 U.S.C. § 1125(c); (4) false designation of origin and false advertising, under 15 U.S.C. § 1125(a); (5) state common law trademark infringement; (6) state-law deceptive acts and unfair trade practices, pursuant to Florida Statutes § 501.201; (7) trademark counterfeiting, under 15 U.S.C. § 1114; and (8) state-law unjust enrichment. See DE 1. In the Complaint, Plaintiff alleges that Defendants infringed on Plaintiff's trademarks and trade dress by selling imitations of Plaintiff's product in containers that are labeled

and designed in a way that mimics Plaintiff's marks and trade dress.  See DE 1 at 7-9.

On February 1, 2013, Plaintiff filed a Motion for Preliminary Injunction [DE 6], seeking, among other things, to enjoin Defendants' use of the allegedly infringing trade dress, as well as the number '10' and the word 'miracle' on Defendants' label.  After negotiations between the parties, Defendants agreed to change their label design and cease using the former label.  See DE's 10-2, 10-4, 10-5, 10-6, 22.  At the March 8, 2013, hearing on the preliminary injunction motion, Plaintiff stated that it sought an injunction of use of the old label, as well as Defendants' new label insofar as it contained the number '10.'  On March 18, 2013, the Court issued an Order on Preliminary Injunction [DE 29], preliminarily enjoining use of the old label and design, but not the use of '10' on Defendants' new label.  See DE 29 at 16-17.  However, the injunction only applied to BEG because at the time, "there remain[ed] significant doubt as to jurisdiction regarding Mr. Shami . . . ." Id. at 5.  On April 16, 2013, the Court dismissed the claims against Mr. Shami for lack of personal jurisdiction.  See DE 44.

Meanwhile, on March 11, 2013, BEG filed its Original Answer [DE 20], which included a Counterclaim for Declaratory Judgment ("Counterclaim"), alleging as follows:

> 91.  BEG asserts a counterclaim for declaratory judgment arising out of the actual controversy between the plaintiff and BEG, as shown by the plaintiff's complaint and BEG's answer thereto.
>
> 92.  BEG requests a judgment declaring the trademarks and trade dress alleged by the plaintiff are invalid as shown in BEG's answer to the plaintiff's complaint.
>
> 93.  BEG seeks a declaration by this court that its use of the "10 PL+US Miracle Leave-In Treatment" does not constitute an unfair or deceptive trade practice within the meaning of Fla. Stat. § 501.201.
>
> 94.  Moreover, BEG requests a judgment declaring BEG's new design

> is not an infringement on the plaintiff's trademarks or trade dress.
>
> 95.   A declaratory judgment is needed to determine the parties' rights and legal relations.

DE 20 ¶¶ 91-95.  In the instant motion, Plaintiff seeks to dismiss the Counterclaim for failure to adequately state a claim for relief.  BEG opposes the motion.

## II. MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); and Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the complaint as true, and accept all reasonable inferences therefrom.  Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court

may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. ANALYSIS

While BEG's Counterclaim is framed as a single count, it essentially makes three distinct claims for relief. The Court will address the sufficiency of each of these claims in turn.

### A. BEG's First Claim Does Not Sufficiently Plead a Claim for Relief

First, in paragraph 93 of the Counterclaim, BEG seeks a judgment declaring that Plaintiff's trademarks and trade dress are invalid for the reasons stated in BEG's Original Answer to the Complaint. DE 20 ¶ 93. In the instant motion, Plaintiff argues that the Counterclaim fails to give adequate notice of the grounds for relief. Tthe Court finds this argument to be meritorious.

In the Answer, BEG asserts at least five affirmative defenses that go to the validity of Plaintiff's marks and trade dress. See DE 20 ¶¶ 80-84.[1] Some of these

---

[1] These defenses read as follows:

80. The claims asserted in the Complaint are barred because the plaintiff's trademarks lack the requisite originality and are generic in nature, and therefore are not entitled to legal protection.

81. The claims asserted in the Complaint are barred due to the invalidity of the alleged trademarks for being merely descriptive and/or functional of the goods.

82. The claims asserted in the Complaint are barred because the plaintiff's trade dress is not distinctive, not sufficiently associated with its product, and lacks the requisite secondary meaning, and therefore is not entitled to legal protection.

4

defenses are compound in nature.  See id.  As Plaintiff points out, there are twenty-two trademarks at issue in this litigation, collectively referred to in the Complaint as the "It's a 10 Trademarks."  See DE 1 ¶¶ 7, 9, 11.  Plaintiff's claims allege that BEG infringed on or diluted all of them together.  See id. ¶¶ 33, 47, 50, 53, 56, 64.  BEG does not specify which of its numerous affirmative defenses apply to which of the twenty-two trademarks at issue in this litigation.  Nor does the Counterclaim provide any factual basis that might provide Plaintiff with further detail regarding the nature of the claim.  Given the number of trademarks at issue and the number of reasons that BEG may be alleging they are invalid, the Court finds that Plaintiff cannot reasonably be required to frame a response.  See Karacsonyi v. Alvarez, No. 11-20184-CIV-KING/MCALILEY, 2011 U.S. Dist. LEXIS 128242, at *23 (S.D. Fla. Oct. 17, 2011).  Accordingly, the Count concludes that this claim is insufficiently pleaded under Rule 8(a)(2), and will be dismissed without prejudice.

BEG argues that courts have held that language similar to that in the Counterclaim was adequate under Rule 8.  BEG cites to Boldstar Technical, LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1290-91 (S.D. Fla. 2007), where the

---

83. The claims asserted in the Complaint should be dismissed due to the plaintiff's fraud on the United States Patent and Trademark Office in obtaining, maintaining, and enforcing its trademark registration because the plaintiff claims exclusive and first use to generic terms commonly used in the personal care industry.

84. The claims asserted in the Complaint should be dismissed because the plaintiff wa not the first to use the trademarked terms.

DE 20 ¶¶ 80-84.  Plaintiff pleads six additional affirmative defenses.  It is possible that some of these may also go to the validity of the marks and trade dress, but they are too vaguely pleaded to clearly ascertain if that is the case.  See id. ¶¶ 85-90.

defendant's counterclaim alleged only that (1) "Home Depot has not infringed and is not infringing the '039 patent or any claim thereof either directly, contributorily, by inducement, or otherwise," and (2) that the patent is "invalid for one or more of the following reasons: [several statutory grounds for invalidity]."  517 F. Supp. 2d at 1290.  In Home Depot, however, there was only a single patent at issue.  BEG also relies on Minsurg International, Inc. v. Frontier Devices, Inc., No. 8:10-cv-1589-T-33-EAJ, 2011, WL 1336397, at *2-3 (M.D. Fla. Apr. 7, 2011), for the same principle.  Once again, however, there were only two patents at issue.  Here, there are twenty-two subject trademarks and at least five affirmative defenses, with no specification as to which defense(s) applies to each trademark.  Without further detailed allegations, Plaintiff simply does not have sufficient notice to be able to adequately defend against the first claim of the Counterclaim.

### B. BEG's Second Claim is Redundant with Count VI of the Complaint

Next, in paragraph 94, the Counterclaim asks for a declaration that "10 PL+US Miracle Leave-In Treatment" does not constitute an unfair or deceptive trade practice within the meaning of Florida Statutes § 501.201.  DE 20 ¶ 94.  Plaintiff argues that this claim should be dismissed as redundant with Count VI of the Complaint because the issue will be settled by the resolution of Count VI.  The Court agrees.

In claims arising under the Declaratory Judgment Act, "a court maintains broad discretion over whether or not to exercise jurisdiction over claims."  Knights Armament Co. v. Optical Sys. Tech., 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008) (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007)).  This discretion extends to cases where the declaratory judgment claim is redundant because "a direct action

6

involving the same parties and the same issues has already been filed." Knights, 568 F. Supp. 2d at 1374-75.  "When deciding whether to dismiss a counterclaim on the basis that it is redundant, courts consider whether a declaratory judgment serves a useful purpose." Medmarc Cas. Ins. Co. v. Pineiro & Byrd, PLLC, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011) (internal citations omitted).  In determining the usefulness of a claim, courts may consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." Id. at 1217 (quoting Gratke v. Andersen Windows, Inc., No. 10-CV-963, 2010 U.S. Dist. LEXIS 137047, at *8 (D. Minn. Dec. 8, 2010)).  In this case, Count VI of the Complaint alleges that Defendant committed deceptive acts and unfair trade practices in violation of Florida Statutes § 501.201.  See DE 1 at 13-14.  Plaintiff's Count VI and the instant request in the Counterclaim are mirror images of each other, dealing with the same legal and factual issues.  See Gratke, 2010 U.S. Dist. LEXIS 137047, at *8.  BEG asserts that its Counterclaim is not redundant, but fails to explain what unique relief it would be afforded by the declaratory judgment that it would not receive from a favorable outcome on Count VI.  Thus, the Court concludes that the issue of whether BEG's use of the "10 PL+US Miracle Leave-In Treatment" violates § 501.201 will necessarily be resolved in deciding the merits of Count VI.  Therefore, there is no need for the declaratory judgment, and the Court in its discretion will dismiss this part of the Counterclaim.[2]  See Knights, 568 F. Supp. 2d at 1375.

---

[2] BEG cites to Kenneth f. Hacket & Associates, Inc. v. GE Capital Information Tech Solutions, Inc., 744 F. Supp. 2d 1305, 1309 (S.D. Fla. 2010), as an example of a case where the Court, in its discretion, chose to not dismiss a 'mirror image' claim. That case is distinguishable from the present one.  In that case, the Court found that

### C. BEG's Third Claim is Ripe and Sufficiently Pleaded

Lastly, at paragraph 95 of the Counterclaim, BEG requests a declaration that BEG's new label design is not an infringement on Plaintiff's trademarks or trade dress. DE 20 ¶ 95.  Plaintiff asserts that this claim should be dismissed as unripe because BEG has not yet completed its new design or sold any products bearing such design. This argument is unavailing.  In order for a case to justiciable, the party seeking relief must show "(1) that they personally have suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision." United States Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747 (11th Cir. 1991) (citing Valley Forge Coll. v. Americans United, 454 U.S. 464, 472 (1982)). Thus, for the claim to be ripe, "there must be a substantial continuing controversy between two adverse parties."  Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999).  The controversy must be real and immediate, rather than remote or speculative.  Emory v. Peeler, 756 F.2d 1547, 1551-52 (11th Cir. 1985). Here, even though BEG may not have sold any product bearing the new label design, there is clearly an ongoing dispute between the parties over the lawfulness of the design.  Indeed, while the Complaint initially only sought an injunction and damages with regard to the old label, Plaintiff made clear at the March 8, 2013 preliminary injunction hearing that it objects to BEG's new labeling as well.  BEG wishes to sell product bearing the new design, and Plaintiff seeks to prevent this.  Thus, BEG has

---

resolution of the other claims would not moot the claim at issue, and therefore the claim was not redundant.  744 F. Supp. 2d at 1311.

shown an actual or threatened injury that is real and immediate.  Accordingly, the Court concludes that the claim contained in paragraph 95 of the Counterclaim is ripe for resolution.  In this respect, the motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaim [DE 33] is **GRANTED in part and DENIED in part** as follows:

1. With respect to the claim presented in paragraph 93 of the Counterclaim, the motion is **GRANTED**.  This claim is hereby **DISMISSED without prejudice**.

2. With respect to the claim presented in paragraph 94 of the Counterclaim, the motion is **GRANTED**.  This claim is hereby **DISMISSED with prejudice**.

3. With respect to the claim presented in paragraph 94 of the Counterclaim, the motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of May, 2013.


Copies provided to:
Counsel of record via CM/ECF.