UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60154-CIV-COHN/SELTZER

IT'S A 10, INC.,

   Plaintiff,

v.

BEAUTY ELITE GROUP, INC.,

   Defendant.
_____/

**ORDER GRANTING PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS PARAGRAPHS 93-96 OF DEFENDANT-COUNTERCLAIMANT'S AMENDED COUNTERCLAIM**

**THIS CAUSE** is before the Court upon Plaintiff/Counter-Defendant's Motion to Dismiss Paragraphs 93-96 of Defendant-Counterclaimant's Amended Counterclaim [DE 50]. The Court has considered the motion, Defendant/Counterclaimant's response [DE 51], Plaintiff/Counter-Defendant's reply [DE 52], the record in this case, and is otherwise fully advised in the premises.

**I. BACKGROUND**

On January 22, 2013, Plaintiff/Counter-Defendant It's a 10, Inc. ("IAT"), filed this action against Defendants Beauty Elite Group, Inc. ("BEG") and Basim Shami, bringing the following claims: (1) registered trademark infringement, in violation of 15 U.S.C. § 1114; (2) trade dress infringement, in violation of 15 U.S.C. § 1125(a); (3) federal trademark dilution, under 15 U.S.C. § 1125(c); (4) false designation of origin and false advertising, under 15 U.S.C. § 1125(a); (5) state common law trademark infringement; (6) state-law deceptive acts and unfair trade practices, pursuant to Florida Statutes § 501.201; (7) trademark counterfeiting, under 15 U.S.C. § 1114; and (8) state-law

unjust enrichment.  See DE 1.  In the Complaint, IAT alleges that Defendants infringed on IAT's trademarks and trade dress by selling imitations of its product in containers that are labeled and designed in a way that mimics its marks and trade dress. See DE 1 ¶¶ 24-30.

On February 1, 2013, IAT filed a Motion for Preliminary Injunction [DE 6], seeking, among other things, to enjoin Defendants' use of the allegedly infringing trade dress, as well as the number "10" and the word "miracle" on Defendants' label. See DE 6; DE 6-3.  After negotiations between the parties, Defendants agreed to change their label design and cease using the former label.  See DE's 10-2, 10-4, 10-5, 10-6, 22.  At the March 8, 2013, hearing on the preliminary injunction motion, IAT stated that it sought an injunction of Defendants' use of the old label, as well as of the new label insofar as it contained the number "10."  On March 18, 2013, the Court issued an Order on Preliminary Injunction [DE 29], preliminarily enjoining use of the old label and design, but not the use of "10" on Defendants' new label.  See DE 29 at 16-17. However, the injunction only applied to BEG because at the time, "there remain[ed] significant doubt as to jurisdiction regarding Mr. Shami . . . ."  Id. at 5.  On April 16, 2013, the Court dismissed the claims against Mr. Shami for lack of personal jurisdiction. See DE 44.

Meanwhile, on March 11, 2013, BEG filed its Original Answer [DE 20], which included a Counterclaim for Declaratory Judgment ("Original Counterclaim").  The Original Counterclaim stated in relevant part as follows:

> 92.    BEG requests a judgment declaring the trademarks and trade dress alleged by the plaintiff are invalid as shown in BEG's answer to the plaintiff's complaint.

    93.    BEG seeks a declaration by this court that its use of the "10 PL+US Miracle Leave-In Treatment" does not constitute an unfair or deceptive trade practice within the meaning of Fla. Stat. § 501.201.

    94.    Moreover, BEG requests a judgment declaring BEG's new design is not an infringement on the plaintiff's trademarks or trade dress.

DE 20 ¶¶ 92-94.

On April 1, 2013, IAT moved to dismiss the Original Counterclaim for failure to state a claim. DE 33. On May 17, 2013, the Court granted the motion in part, dismissing the claim in paragraph 92 without prejudice, and the claim in paragraph 93 with prejudice as redundant with IAT's Count IV. DE 47 ("May 17 Order"). On June 12, 2013, BEG filed its Amended Answer and Counterclaim [DE 49], which included an amended Counterclaim for Declaratory Judgment ("Amended Counterclaim"). In the instant motion, IAT seeks dismissal of paragraphs 93 through 96 of the Amended Counterclaim, which state as follows:

    93.    BEG requests a judgment declaring the plaintiff's trade dress is not protectable because it is generic, merely descriptive, and has no secondary meaning.

    94.    The use of the number "10" is frequently used by other companies and products in the hair and beauty care industry and is a generic term. Describing something as a "10" is a commonly used phrase to describe the quality as outstanding. The widespread use of the number "10" in the industry, in addition to the commonly used phrase, renders the term generic, nondistinctive, not imbued with secondary meaning and should not be entitled to protection.

    95.    Similarly, the word "miracle" is also generic and frequently used by others in the hair and beauty care industry. The term "miracle" is commonly used to suggest a product achieves excellent results. Moreover, the term "leave-in" is merely a descriptive term. "Leave-in" is used to describe a characteristic of the product, it is nondistinctive, and not imbued with secondary meaning. As such, the term "miracle" should not be entitled to protection.

3

> 96. Moreover, the color used in the plaintiff's trade dress is generic and not protectable. The font used in the plaintiff's trade dress is similarly generic and not protectable. Neither the font nor color are distinctive or have secondary meaning.

DE 49 ¶¶ 93-96. IAT asserts that these paragraphs should be dismissed for failure to state a claim, and because they are redundant with BEG's third affirmative defense. BEG opposes the motion.

## II. LEGAL STANDARDS

In paragraphs 93 through 96 of the Amended Counterclaim, BEG is asking for declaratory relief. In claims arising under the Declaratory Judgment Act, "a court maintains broad discretion over whether or not to exercise jurisdiction over [such] claims." Knights Armament Co. v. Optical Sys. Tech., 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008) (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007)). This discretion extends to cases where the declaratory count is redundant because "a direct action involving the same parties and the same issues has already been filed." Knights, 568 F. Supp. 2d at 1374-75. "When deciding whether to dismiss a counterclaim on the basis that it is redundant, courts consider whether a declaratory judgment serves a useful purpose." Medmarc Cas. Ins. Co. v. Pineiro & Byrd, PLLC, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011) (internal citations omitted). In determining the usefulness of a claim, courts may consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." Id. at 1217 (quoting Gratke v. Andersen Windows, Inc., No. 10-CV-963, 2010 U.S. Dist. LEXIS 137047, at *8 (D. Minn. Dec. 8, 2010)). Nonetheless, even if the counterclaim is "just a mirror image" of the affirmative defense,

4

the Court retains substantial discretion in dismissing or striking redundant claims. See Regions Bank v. Commonwealth Land Title Ins. Co., No. 11-23257-CIV-SCOLA, 2012 U.S. Dist. LEXIS 158984, at *12-15 (S.D. Fla. Nov. 6, 2012).

### III. ANALYSIS

In paragraph 93 of the Amended Counterclaim, BEG alleges that IAT's trade dress is not protectable. Paragraphs 94 through 96 purport to supplement this general claim, asserting that individual features of the trade dress are also not entitled to legal protection. In the instant motion, IAT argues that paragraphs 93 through 96 of the Amended Counterclaim should be dismissed for two reasons. First, IAT contends that the allegations in paragraphs 94 through 96 mischaracterize IAT's trade dress. IAT argues that its trade dress does not consist of individual elements or words on its label, but rather of its product's overall appearance. Therefore, paragraphs 94 through 96 do not state a claim for relief and do not support the claim in paragraph 93. Second, IAT asserts that the counterclaim in paragraph 93 is redundant with BEG's third affirmative defense.

BEG responds that its counterclaim and affirmative defense are clearly distinguishable. While its affirmative defense claims that IAT's trade dress is not protectable, its counterclaim seeks a declaration that IAT's trade dress, as well as each element of it, is not protectable. BEG further argues that, even if the counterclaim were redundant with the affirmative defense, this would not be grounds for dismissal. The Court will first address the arguments as to paragraphs 94 through 96 before proceeding to the issue of redundancy.

5

### A. The Allegations in Paragraphs 94 through 96 are Misplaced.

Paragraphs 94 through 96 of the Amended Counterclaim allege that the number "10," (para. 94) the terms "miracle" and "leave-in" (para. 95), and IAT's color and font (para. 96) are each generic and not protectable. IAT contends that these allegations are based on a misconception of BEG's trade dress, and therefore cannot form a basis for relief. BEG responds that, in IAT's Motion for Preliminary Injunction, IAT specifically lists the above-mentioned elements as being features of its trade dress. Indeed, in that motion, IAT asserted that:

> The confusingly similar features of [BEG's] trade dress when compared with [IAT's] Trade Dress for its **It's a 10 Miracle Leave In Products** are as follows:
>
> - Both products are comprised of magenta colored spray caps on blue bottles with white type and hints magenta in the design;
>
> - both make dominate use of the number 10 – which is the dominant feature of [IAT's] federally registered **It's a 10** mark;
>
> - [BEG has] placed the designation "10 Plus" in the same location as [IAT's] "It's a 10" mark on its product, to create the same visual impression;
>
> - both products use a circle design at the top of the product, which is white and outlined in blue with a larger circle border in a light magenta;
>
> - both products use the term **MIRACLE LEAVE IN**, which is in a lower case, sans serif font on both products; and
>
> - the products are a similar shape and size.

DE 6 at 23 (emphasis in original). BEG further points out that IAT sought an injunction to prevent BEG from "using 'MIRACLE' or '10' as a trademark, trade name, or service mark for the sale, promotion, advertising, distribution, or manufacture of beauty or hair

6

care products."  DE 6-3 at 1.  Furthermore, at the preliminary injunction hearing, IAT specifically stated that it sought to enjoin BEG's use of "10" on its new label, even though the new label used a different color scheme, changed the placement of the "10," and no longer contained the word "miracle."

IAT replies that BEG is confusing IAT's trade dress infringement claim with its trade*mark* infringement claim.  Trade dress, in contrast with trademarks, "consists not of words or symbols, but of a product's packaging."  Two Pesos, Inc. v. Taco Cabana, 505 U.S. 763, 786 (1992).  "'Trade dress' involves the *total image* of a product and may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques."  John H. Harland Co. v. Clarke Checks, Inc., 711 F.2d 966, 980 (11th Cir. 1983) (emphasis added); see also Monsanto Co. v. Campuzano (Nutrasweet Co.), 206 F. Supp. 2d 1252, 1265 (S.D. Fla. 2002) (holding that, in trade dress claims, "the product is viewed as a whole and not as to any one specific part . . . .").  IAT points out that, in the Complaint, it did not allege that the word "miracle," the number "10," or the colors or font on the packaging were protectable by themselves.  Rather, the Complaint states that IAT's trade dress is the "distinctive arrangement [on IAT's packaging] that includes the number 10 at the top of the bottle inside a white circle that is outlined in purple."  DE 1 ¶ 13.  IAT avers that its trade dress is the arrangement of the elements, not the elements themselves.  The allegations in paragraphs 94 through 96 only refer to the features of IAT's trade dress outside of the 'distinctive arrangement.'  Therefore, IAT contends that such allegations cannot support BEG's claim in paragraph 93 that the trade dress is not protectable.

As BEG points out, IAT's argument in this motion appears to contradict its

previous contention at the preliminary injunction hearing that under no circumstance should BEG be allowed to use "10" on its label.  After all, if trade dress refers to the arrangement on the packaging and the context in which the "10" is placed, surely BEG cannot be enjoined from using "10" altogether.  However, notwithstanding IAT's inconsistent positions, the Court finds that IAT's current position is correct.  Trade dress refers to the overall impression or image created by a product's packaging, and is analyzed holistically rather than piece by piece.  Thus, whether one feature, by itself, could receive legal protection is irrelevant to the issue of whether IAT's trade dress as a whole may receive such protection.  Therefore, BEG's allegations in paragraphs 94 through 96 are irrelevant to its claim in paragraph 93 that IAT's trade dress is not protectable.

### B. Paragraph 93 is Redundant with the Third Affirmative Defense

Next, IAT asserts that the claim in paragraph 93 of the Amended Counterclaim should be dismissed as redundant with BEG's third affirmative defense.  The Court agrees.  In BEG's third affirmative defense, it alleges that:

82.   The claims asserted in the Complaint are barred because the plaintiff's trade dress is not distinctive, not sufficiently associated with its product, and lacks the requisite secondary meaning, and therefore is not entitled to legal protection.

DE 49 ¶ 82.  Similarly, paragraph 93 asks for a declaration that "plaintiff's trade dress is not protectable because it is generic, merely descriptive, and has no secondary meaning."  Id. ¶ 93.  Thus, both the defense and the counterclaim seek to establish only that IAT's trade dress is not distinctive, does not have a secondary meaning, and is not entitled to legal protection.  Moreover, to the extent that the allegations in paragraphs 94 through 96 distinguished the counterclaim from the affirmative defense, such

8

allegations do not support the counterclaim.

BEG responds that even if its counterclaim is redundant with the affirmative defense, "mere redundancy is not grounds for dismissal under Rule 12(b)(6) for failure to state a claim." DE 51 at 6 (quoting Regions Bank, 2012 U.S. Dist. LEXIS 158984 at *12). In Regions Bank, the court declined to dismiss a counterclaim for declaratory relief as redundant with an affirmative defense, finding that "[t]he affirmative defense and declaratory count appear related . . . but they are not exactly the same . . . . " 2012 U.S. Dist. LEXIS 158984 at *12. While they were related to similar subject matter, one raised an issue that the other did not. Id. The court then cited to a number of cases which demonstrated that a court may, but is not required to, strike or dismiss redundant claims. Id. at *12-14. The court chose not to dismiss the declaratory claim because, even if the claim raised exactly the same issues as the affirmative defense, the moving party would not be prejudiced by the claim remaining in the case. Id. at 14-15.

In the instant action, the Court has already dismissed one of BEG's counterclaims on the grounds that it was a mirror image with one of IAT's claims, dealing with the same legal and factual issues, and would be wholly resolved by a resolution of IAT's claim. See DE 47 at 7. The same factors are once again at play in this motion. Should the Court decide merits of the third affirmative defense, it will necessarily resolve the question of whether IAT's trade dress is protectable. See id. Consequently, there is no need for the declaratory judgment, and the Court in its discretion will dismiss paragraphs 93 through 96 of the Amended Counterclaim. See Knights, 568 F. Supp. 2d at 1375 (dismissing a declaratory claim because the

parties' other claims would decide all the issues at stake in the declaratory count).

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJDUGED** that Plaintiff/Counter-Defendant's Motion to Dismiss Paragraphs 93-96 of Defendant-Counterclaimant's Amended Counterclaim [DE 50] is **GRANTED**.  The claims contained in paragraphs 93 through 96 of the Amended Answer and Counterclaim [DE 49] are **DISMISSED with prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 27th day of August, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.